# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK A. JACKSON** : | |
| : | |
| v. : | **CIVIL ACTION NO. 24-6079** |
| : | |
| **SCOTT BESSENT**, : | |
| *SECRETARY OF THE U.S.* : | |
| *DEPARTMENT OF THE TREASURY* : | |

**McHUGH, J.**                                                                                            **September 18, 2025**

## MEMORANDUM

In this Title VII action, pro se Plaintiff Mark Jackson seeks enforcement of an EEOC order and sets forth new claims for disparate treatment, hostile work environment, and retaliation by his employer, the Internal Revenue Service. Plaintiff has moved for an Emergency Injunction[1] to halt his recent termination and require the IRS to reinstate him pending the outcome of this litigation. Because Plaintiff has failed to meet the controlling legal standard for preliminary relief, his motion must therefore be denied.

**I.     Relevant Background**

A more comprehensive background of this case is set forth in my prior memorandum on Defendant's Motion to Dismiss, ECF 19. Only those aspects of the case relevant to the pending motion are recounted here. After an extensive EEOC proceeding, the Office of Federal Operations (OFO) ordered the IRS to reinstate Plaintiff and issue backpay, among other remedial actions. *See*

---

[1] I interpret this to be a motion for a preliminary injunction under Federal Rule of Civil Procedure 65. Plaintiff appears to categorize his motion not as a "preliminary injunction case" but rather as a "Title VII case where Plaintiff has prevailed on the merit of his/her underlying case and has properly invoked the district court's enforcement jurisdiction," and seeks relief to preserve the "status quo." *See* Reply at 13, ECF 39. But there needs to be legal authority for me to order relief before a final judgment, and I can discern no basis upon which to consider Plaintiff's request other than Rule 65.

ECF 15-4.  On October 23, 2023, Plaintiff reported to work.  Am. Compl. ¶ 43, ECF 10.  The IRS directed Plaintiff to complete an updated Optional Form 306 ("OF-306") as part of a renewed background investigation.  *Id.* ¶¶ 36, 43, 51, 59, 61.  Plaintiff repeatedly refused, contending that OFO's August 2023 decision required his unconditional reinstatement and therefore rendered him exempt from any further background checks.  *Id.* ¶¶ 36, 37, 46, 58.

Plaintiff's refusal to submit to a renewed background investigation has resulted in a series of professional consequences, including (1) the withholding of his pocket commission, (2) the issuance of a Letter of Admonishment and subsequent Letter of Reprimand, (3) a 14-day suspension, and most relevant here, (4) Plaintiff's termination from the IRS on August 20, 2025.[2]  *Id.* ¶¶ 33, 68, 134, 139, 145; Termination Letter, ECF 35-1; Suspension Letter, ECF 8-1.  Plaintiff's enforcement and Title VII claims are based on the same premise: that the IRS may not subject him to a renewed background check, and therefore the IRS's escalating disciplinary measures for his failure to cooperate violate Title VII.

After his termination, Plaintiff filed a motion for emergency relief requesting that the Court (1) order his return to full duty at the IRS; (2) order his removal from the supervision of Ronald Lehman and Beth Haverly-Raymakers; and (3) enjoin the IRS from taking additional disciplinary actions against him related to his refusal to submit to a background investigation.  Mot. for Prelim. Inj. at 20, ECF 37.

## II. Discussion

A plaintiff seeking a preliminary injunction must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

---

[2] The Suspension Letter is dated August 19, but Mr. Jackson states he was informed of his termination on August 20.  *See* Mot. for Prelim. Inj. at 5, ECF 37.

balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The first two factors are the most critical—the Third Circuit has stated that plaintiffs "must meet the threshold for the first two most critical factors . . . [and] [i]f these gateway factors are met, a court then considers the remaining two factors," possibility of harm to others and the public interest. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) (internal quotations and citations omitted).

To show irreparable harm, "a plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Ramsay v. Nat'l Bd. of Med. Exam'rs*, 968 F.3d 251, 262 (3d Cir. 2020) (quoting *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994)). Economic loss, including the loss of income, does not by itself constitute irreparable harm. *Acierno*, 40 F.3d at 653. Moreover, "the injury created by a failure to issue the requested injunction must be of a peculiar nature, so that compensation in money cannot atone for it." *Id.* (internal quotations omitted). Irreparable harm is evaluated according to a "more likely than not" standard. *Reilly*, 858 F.3d at 179. Although it is true, as Plaintiff asserts, that federal courts have broad equitable discretion to order appropriate equitable relief in Title VII cases after a final judgment, the Third Circuit has made clear that even "in Title VII cases the plaintiff must establish irreparable injury as a prerequisite to the receipt of preliminary injunctive relief." *Moteles v. Univ. of Pennsylvania,* 730 F.2d 913, 918 (3d Cir. 1984).[3]

---

[3] Plaintiff asserts that *Moteles* allows the Court to enter an order to preserve the status quo in light of the Final EEOC Order that Plaintiff seeks to enforce. Reply at 10, ECF 39. But *Moteles* and the authority it cites merely acknowledges that the standard of injury may perhaps be relaxed when the EEOC itself seeks a preliminary injunction while administrative procedures are ongoing, and is clear that the standard for private parties is not impacted. *See Moteles*, 730 F.2d at 918 ("[P]rivate parties 'must show irreparable harm to them if the injunction did not issue.'") (quoting *EEOC v. Pac. Press Publ'g Ass'n*, 535 F.2d 1182, 1187 (9th Cir. 1976)).

Courts have repeatedly found that injuries associated with a loss of one's job do not constitute irreparable harm. In *Sampson v. Murray*, the Supreme Court held that the alleged loss of income and reputational damage stemming from a termination "falls far short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction in this type of case." 415 U.S. 61, 91-92 (1974). And in cases involving the discharge of a federal employee, courts in this district have similarly declined to find irreparable injury. *See, e.g.*, *Greene v. Rubin*, No. 95-2415, 1998 WL 13287, at *3 (E.D. Pa. Jan. 15, 1998) (finding that the termination of a United States Mint employee during his Title VII suit did not constitute irreparable harm). Even the loss of overseas federal employment, forcing an employee to move back to the United States, has not been found to constitute irreparable harm. *Beberman v. U.S. Dep't of State*, No. 2014-0020, 2016 WL 1181684, at *2-4 (D.V.I. Mar. 24, 2016), *aff'd*, 675 F. App'x 131, 135 (3d Cir. 2017); *see also Moteles*, 730 F.2d at 919 ("[A] discharge from employment with all of its attendant difficulties is not irreparable injury . . . .").

In his Motion, Plaintiff sets forth no clear basis for finding irreparable harm. Plaintiff asserts that he "would like to immediately return to work and resume [his] important case work," and notes that "[c]ritical training is scheduled to start today and continue throughout this week . . . where each Agent will be assigned two new training cases." Mot. for Prelim. Inj. at 19, ECF 37. But neither of these harms are irreparable injuries that are unable to be redressed after the fact, and neither constitute the type of irreparable injury that justifies a preliminary injunction. In Plaintiff's Reply brief, he additionally asserts economic harm, arguing that the termination will "cause economic hardship to Plaintiff," impacting his ability to conduct oral depositions and send his daughter to college. Reply at 15, ECF 39. But courts repeatedly find that such economic harms associated with job loss are not "irreparable," and in this circumstance I agree. Additionally, in

other filings to the Court, Plaintiff asserts that his termination was "humiliating" and "emotionally affected" him. ECF 35 at 2. But even if I were to broadly construe Plaintiff's motion to include these injuries, they are not the type of "extreme deprivation" that a preliminary injunction is designed to remedy. *Morton v. Beyer*, 822 F.2d 364, 372 n.13 (3d Cir. 1987).

Plaintiff also argues that his termination will prevent him from accessing "internal Agency policies" that he could use to prove that the IRS is not fully responding to his discovery requests. *See* Reply at 15, ECF 39. But most litigants do not have direct access to internal documents of the opposing party, and the situation in which Plaintiff finds himself is the norm. And Plaintiff retains the right to raise discovery disputes with this Court.

Plaintiff's contention that this termination was driven by retaliation does not alter this analysis. Plaintiff has offered argument, not "affirmative evidence" from which the Court can infer that a chill of protected activity has occurred or is imminent. *See Marxe v. Jackson*, 833 F.2d 1121, 1127-29 (3d Cir. 1987) (observing that, although a purported retaliatory discharge may be relevant because it can discourage potential witnesses from cooperating with the plaintiff or from pursuing their own civil rights claims, the plaintiff still bears a burden to show irreparable harm). Though the termination may, as Plaintiff asserts, increase the financial burden of litigating this case, this generalized concern does not create an inference that a chill of protected activity is imminent, particularly in light of Plaintiff's demonstrated ability to vigorously litigate his Title VII claims before the EEOC throughout his prior unemployment.

In sum, Mr. Jackson has failed to establish that he would experience irreparable injury in the absence of a preliminary injunction, and his motion must therefore be denied. *See Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989) ("A failure to show a

likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction.") (internal citations omitted).

### III.  Conclusion

For the reasons set forth above, Plaintiff's Motion for a Preliminary Injunction will be denied.  An appropriate order follows.

 /s/ Gerald Austin McHugh
United States District Judge
